[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: PLAINTIFF'S MOTION FOR CONTEMPT (#132)AS AMENDED BY MOTION DATED NOVEMBER 19, 1996
The parties' marriage was dissolved on October 13, 1976. The decree provided for the payment of alimony and child support by the defendant to the plaintiff until the younger child reached majority on February 21, 1989 at which time said payments would cease, the house would be sold and the proceeds split equally between the parties. The plaintiff had the right to occupy the marital residence as her home during said period. The defendant, in addition to alimony and child support obligations, was responsible for one half of the real estate taxes and one half of all repairs costing over $100.00.
On June 21, 1989, the parties entered into a written agreement. The purpose of the agreement was to deal with the payment of outstanding real estate taxes as they were faced with the imminent threat of a tax lien foreclosure action being brought against them. The parties agreed to refinance the mortgage on the marital residence with the defendant discharging his obligation for his share of back taxes by obligating himself to pay 22% of the mortgage. Also, the defendant was to continue to pay one half of the future real estate taxes and an additional $7,000 loan he received from the plaintiff.
This agreement was never presented to the court for approval.
The plaintiff has brought the present motion making various claims under the original judgment, the subsequent agreement and the equitable powers of the court.
Although the parties' marriage was dissolved more than twenty CT Page 6512 years ago, they have maintained significant contact with each other over the years, including frequent visits to the marital home by the defendant. Although they agreed to a sale date for the marital residence, neither party pursued the issue until the current motion was filed.
The plaintiff requests the court to find the defendant in contempt for failure to make payments in accordance with the original judgment and the subsequent agreement.
In reference to the subsequent agreement, since no court approval was requested, there were no court orders entered. Therefore, no contempt finding can be made for any non compliance with that agreement.
As to the original judgment, the plaintiff has failed to persuade the court that the defendant's failure to pay various obligations was wilful. The defendant had a good faith dispute as to a set off for rent due against his obligations.
The plaintiff's motion for contempt is denied.
However, there are various claims made by this motion that must be addressed.
The defendant suggests that all claims that accrued prior in time to the execution of the 1989 agreement be barred. The basis of this position is the application of the doctrines of equitable estoppel and laches and waiver.
The defendant has failed to established a detrimental change in the defendant's position by his executing the 1989 agreement. The defendant admittingly owed property taxes in 1989 and the refinancing of the mortgage permitted him to meet that obligation. In addition, the defendant got the benefit of a $7,000 loan for his own use. Therefore, the defenses of estoppel and laches must fail. Also, the court finds that the plaintiff did not relinquish any prior rights by entering into the 1989 agreement.
The following orders may enter as to the claims of the plaintiff.
(1) Alimony and Child Support.
CT Page 6513 Exhibit #5 (Record of Support Enforcement Division) indicates that the defendant was current in his alimony and child support payments through May 1, 1989. The plaintiff's claim for arrearages covers a period prior to that date.
The plaintiff has failed to present any credible evidence that there are any arrearages due. The court finds that the defendant owes no alimony or child support to the plaintiff.
(2) Repairs.
The judgment of dissolution provided that until the marital residence was sold the parties should share equally the expense of any repair exceeding the sum of $100.
Over the twenty year period since the marriage was dissolved, the plaintiff has expended a great deal of money in reference to work on the home. The defendant disputes that he is responsible to the extent claimed by the plaintiff.
The main conflict is whether the work performed was a repair or an improvement to the premises. "A repair restores the original condition. an improvement changes supposedly for the better, the original condition." Masterson v. Atherton,149 Conn. 302 (1962).
The following expenditures made by the plaintiff are found to be major repairs for which the defendant shares the responsibility for payments:
A. Repair front and back entrances $ 106.07
B. Replace bathroom vanity $ 201.01
C. Bathroom leaks $ 957.29
D. Service contract — washer $ 124.11
E. Bathroom leak $ 333.59
F. Replace oil tank $ 996.00
G. Replace sidewalk $ 146.70
H. Leak in heating system $ 140.00 CT Page 6514
I. Window frames $ 120.00
J. Replace furnace $2,400.00 _________Total $5,524.77
The following expenditures by the plaintiff in 1993 are found to have been made for the parties' joint benefit. The current fair market value of the premises has been enhanced in an amount at least equivalent to the expenditures made, according to the testimony of the real estate appraiser. It is equitable for the parties to share the payment of these expenses:
a. Deck attachments, reconstruct sidewalk, $ 3,375.00 build shed
b. Remodel bathroom $ 3,479.89 __________Total $6,854.89
To summarize, the following payments made by the plaintiff are to be shared equally by the parties.
A. $ 5,524.77
 B. $ 6,854.89 __________Total $12,379.66
Defendant's 50% share is $ 6,189.83
In addition, the defendant has agreed to reimburse the plaintiff for the cost of the dryer, $349.78. Therefore, the defendant owes the plaintiff the sum of $ 6,539.61 ($6,189.83 plus $349.78).
This amount due shall be with no interest. The plaintiff never sought defendant's consent in advance for work performed nor apparently made written demands after the work was completed. It appears the parties contemplated repayment by way of an adjustment against the defendant's interest when the residence was sold.
3. Taxes.
CT Page 6515
For property taxes due since July 1, 1989, the court finds the defendant owes the plaintiff the sum of $10,870.69, less credit for $1,800 paid between September and December 1, 1989, and $400 paid in February and March, 1990, for a total due of $8, 670.69.
4. Mortgage Principal and Interest.
The plaintiff testified that the outstanding principal balance of the $86,000 mortgage under the 1989 agreement was $79,025.10 as of November 1, 1996. The defendant, under the agreement, owes 22% of the principal balance. That amount is $17,385.52.
The defendant is also responsible for back mortgage interest in the amount of $11,151.72.
No interest is awarded the plaintiff on the taxes and mortgage interest due from the defendant. The court finds that the defendant had a good faith dispute as to a set off for rent due against his obligations for taxes and mortgage interest, and assessing the defendant interest would be inequitable under the circumstances of this case.
5. Medical Expenses.
The court finds that the defendant has paid his obligations for medical expenses of the children and owes the plaintiff nothing as to this claim.
6. Education.
Any non reimbursed educational expenses claimed by the plaintiff were not addressed in the 1976 judgment or the 1989 agreement. The defendant has no obligation for the payment of educational expenses paid by the plaintiff.
7. Association Dues.
The association dues expenses claimed by the plaintiff were not addressed in the 1976 judgment or the 1989 agreement. The defendant has no obligation for the payment of association dues.
8. $7,000 Loan.
CT Page 6516
The court finds that the defendant shall repay the plaintiff the $7,000 loan the plaintiff made to the defendant at the time the mortgage on the residence was refinanced.
In addition, the plaintiff is awarded interest at the rate of 8%, pursuant to Connecticut General Statutes, Section 37-1.
The amount due on this obligation is as follows:
Principal $ 7,000
 interest 6 years at 8% ($560/yr.) $ 3,360 (6/21/90 — 5/21/96) Interest 5 months at 8% ($46.67/mo.) $ 233.35 __________ (6/21/96 — 11/21/96) $3,593.35 less credit for prepaid interest $ 107.09 $ 3,486.26 ___________ Total $10,486.26
9. $1,200 Insurance Claim.
No evidence was presented as to this claim. The plaintiff's request for payment is denied.
10. Attorney Fees and Costs.
The defendant has been found not to be in contempt. The plaintiff's request is denied.
The court will next address the set offs claimed by the defendant.
a. Alimony
Defendant's claim for overpayments is denied. Defendant has maintained throughout this hearing that he started with "a clean slate" after the agreement of 1989. The court has accepted this position as to alimony and child support obligations as of the June, 1989 agreement and found no arrearages due from the defendant. The court rejected the plaintiff's claims that some of the credited payments were made by check and payments from the defendant's bank were not made because of insufficient funds in the defendant's account. The court considered the issue of CT Page 6517 alimony and child support closed in 1989 with the agreement of the parties made after both children had reached their majority.
b. Rent.
Defendant's claim for a setoff for rent is denied. The original judgment did not provided for rent. Although the 1989 agreement addressed the issue, the parties, by their actions and inactions, elected not to pursue the sale of their home or the claim for credit for use and occupancy by the plaintiff. The medical problems of each of the children may have been a factor in this decision.
Apparently at the present time both parties wish to sell the residence. It is ordered to be listed for sale immediately, and the parties shall cooperate in expediting the sale. From the defendant's equal share of the net proceeds, before the mortgage is considered, his share of the outstanding mortgage shall be withheld. As of the date of trial, that amount is $17,385.52.
From the defendant's remaining share, the following amounts shall be paid to the plaintiff.
1. Home repairs $ 6,539.61
2. Taxes $ 8,670.69
 3. 1989 Mortgage $ 11,151.72 interest
 4. $7,000 Loan $ 10,486.26 ___________ Total $ 36,848.28
The amount due on the $7,000 loan may be adjusted for interest due at the rate of 8% as of the date of payment.
Orders may enter accordingly.
NOVACK, J.